UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDSTAR CARRIER SERVICES, INC, <br><br> Plaintiff, <br><br> v. <br><br> JOHN BOUAPHA, <br><br> Defendant. | Case No. 5:11-cv-06332-PSG <br><br> **ORDER GRANTING WRIT OF GARNISHMENT** <br><br> **(Re: Docket No. 36)** |

Plaintiff Landstar Carrier Services, Inc. sued Defendant John Bouapha several years ago to recover money Bouapha owed it.[1] After Bouapha failed to appear, the Clerk of Court entered default against him, and then default judgment under Fed. R. Civ. P. 55(b)(1) in the amount of $204,212.84 plus costs and interest.[2] Landstar now moves for a writ of garnishment of Bouapha's wages.[3]

Under Fed. R. Civ. P. 69(a)(1), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Cal. Code Civ. Proc. §§ 706.010 et seq. provide the exclusive judicial procedure for garnishing the wages of

---

[1] *See* Docket No. 1.

[2] *See* Docket Nos. 6, 14.

[3] *See* Docket No. 36.

1
Case No. 5:11-cv-06332-PSG
ORDER GRANTING WRIT OF GARNISHMENT

a judgment debtor.[4] Wage garnishment is accomplished by an earnings withholding order, which orders the debtor's employer to withhold a portion of the debtor's disposable earnings to satisfy a non-support judgment.[5]

In order to effectuate a wage garnishment, the creditor must obtain the earnings withholding order by filing an application, supporting documentation and the required fee with the levying officer in the county where the order is to be served.[6] The levying officer must then serve the withholding order on the debtor's employer, at which point the employer must withhold the nonexempt portion of the employee's disposable earnings for any pay period that ends during the withholding period, and pay the levying officer, by the 15th of each month, all funds withheld during the preceding month.[7] Cal. Code Civ. Proc. § 706.050 governs the maximum amount of a judgment debtor's disposable earnings that can be subject to levy under an earnings withholding order.

Landstar has complied with the requirements for obtaining an earnings withholding order under Cal. Code Civ. Proc. §§ 706.010 et seq.[8] The earnings withholding order, Form WG-002, explains how to calculate the maximum amount of withholding from disposable earnings.[9] Landstar's motion for writ of garnishment to execute the default judgment properly entered by the Clerk of Court is GRANTED.

---

[4] *See* Cal. Code Civ. Proc. § 706.020.

[5] *See* Cal. Code Civ. Proc. §§ 706.020-25.

[6] *See* Cal. Code Civ. Proc. § 706.102(a).

[7] *See* Cal. Code Civ. Proc. §§ 706.022(b), 706.025(a), 706.101.

[8] *See* Docket Nos. 36, 36-1, 36-2, 36-3, 36-4, 36-5, 36-6.

[9] *See* Docket No. 36-1 at 2.

**SO ORDERED.**

Dated: April 21, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge